Houck, J.
This case is here on error from the common pleas court of Muskingum county. It is sought to reverse the judgment of that court reversing a judgment of conviction in the municipal court of Zanesville, wherein defendant in error was convicted of failure to furnish maintenance and support for his three step-children, being children of his wife by a former marriage.
The conceded facts are as follows: That Myrtle Barger was married to Edward Barger on or about the 29th day of February, 1916; that Thelma Hoffer, aged thirteen years, Herbert Hoffer, aged ten years, and Isabelle Hoffer, aged seven years, are the children of Myrtle Barger by a former marriage; that they are not the children of Edward Barger; that Thelma Hoffer, Herbert Hoffer and Isabelle Hoffer resided in Zanesville, Muskingum *128 county, Ohio, along with their mother, Myrtle Barger, from February 17th, 1919, to about March 4th, 1919, and were not furnished anything for their maintenance and support, during said time, by the said Edward Barger, who, during said time, was the husband of the said Myrtle Barger; that during the time from February 17th, 1919, to March 4th, 1919, the said Edward Barger was working and earning money sufficient to have furnished said maintenance and support for said children, but failed to do so; that said Edward Barger knew, when he married the said Myrtle Hoffer, that she had said children and that said children were wholly dependent upon their mother for their support.
Barger was convicted in the municipal court, under favor of the provisions of. Section 12970, General Code, which reads:
“Whoever, having the control of or being the parent or guardian of a child under the age of sixteen years, wilfully abandons such child, or tortures, torments, or cruelly or unlawfully punishes it, or wilfully, unlawfully or negligently fails to furnish it necessary and proper food, clothing or shelter,-shall be fined -not less than ten dollars nor more than two hundred dollars or imprisoned not more than six months, or both.”
The affidavit against Barger alleged that said Barger was the parent and had the custody of said children.
The question here to be determined is: Is a stepfather a parent, as contemplated and intended by the provisions of said Section 12970, General Code, *129 being the provision of the statute under which conviction of said Barger was obtained; or, in other words, does the word “parent” in said statute include step-parent — in the instant case, stepfather ?
A penal statute must be strictly construed and can not by implication be enlarged or extended to cases not strictly within its terms, although they may appear to be within the reason and spirit of the statute. A strict construction is placed upon criminal statutes. Applying this rule to the case now before us under review, what is the only proper conclusion that can be reached?
We have no hesitancy in saying that we believe that it was not the intention or purpose of the legislature, in the enactment of Section 12970, General Code, to include step-parent in the word parent. If it had been the intention of the legislature so to do, it would have written therein the word “stepfather” or “step-mother.” Not having done so, we hold that it was not the intention of said legislative enactment to include within said penal statute stepfather or step-mother. We hold that, in the legal or ordinary acceptation of the term “parent,” it does not include a step-father or a step-mother. We therefore find that the common pleas court was right in reversing the judgment of conviction of Barger in the municipal court.

Judgment of the common pleas court affirmed.

Shields and Patterson, JJ., concur.